IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DREW MARSHALL FELDPAUSCH                                                   PLAINTIFF

v.                              CIVIL NO. 6:19-CV-6099

ANDREW M. SAUL, [1] Commissioner,
Social Security Administration                                             DEFENDANT

# MEMORANDUM OPINION

Plaintiff, Drew Feldpausch, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on October 18, 2016, alleging an inability to work since September 18, 2015, due to attention deficit hyperactivity disorder (ADHD), attention deficit disorder (ADD), severe bipolar disorder, dyslexia, high blood pressure, high cholesterol, degenerative disc disease, and heart issues (stent placement and sixty percent heart function). (Tr. 68, 84).  An administrative hearing was held on August 3,

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

2018, at which Plaintiff and his father, David Feldpausch, testified. (Tr. 36-61). A Vocational Expert (VE) was also present and testified. (Tr. 35, 62-64).

By written decision dated December 27, 2018, the ALJ found that during the relevant time period, Plaintiff had severe impairments of personality disorder with borderline antisocial traits, mood disorder, hypertension, lumbar spondylosis, cervical spondylosis, degenerative disc disease, and a cardiac stent. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b), except for the following:

> [Claimant] can sit six to eight hours during an eight-hour workday, one or two hours without interruption. The claimant can stand and/or walk six to eight hours during an eight-hour workday, occasionally climb, stoop, crouch, kneel, and/or crawl. The claimant is limited to unskilled or rote activity, and his contact with supervisors, co-workers, and the public should be limited to superficial contact, i.e., meeting, greeting, and those people giving him only simple instructions and directions. The claimant cannot work as a cashier.

(Tr. 17). With the help of a VE, the ALJ determined that Plaintiff was unable to perform his past relevant work as a journeyman ironworker and a construction worker. (Tr. 23). Considering the Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a silver wrapper and a press operator II. (Tr. 24). Therefore, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from September 18, 2015, through the date of the decision. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 21, 2019. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 28th day of July 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE